Thomas DAMIANO and Rita Damiano, Plaintiffs,

Tobin & Dempf, LLP and Kevin A. Luibrand, Appellants,

v.

The CITY OF AMSTERDAM, et al., Defendants–Appellees.

No. 07–3871–cv.

United States Court of Appeals, Second Circuit.

Aug. 14, 2009.

Thomas Damiano, pro se, Amsterdam, NY, for Plaintiffs.

Kevin A. Luibrand, Tobin & Dempf, LLP, Latham, NY, for Appellants.

John H. Pennock, Pennock, Breedlove & Noll, LLP, Clifton Park, NY, for Defendants–Appellees.

PRESENT: GUIDO CALABRESI, B.D. PARKER and REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Appellants Tobin & Dempf, LLP, and Kevin A. Luibrand appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*). Appellants are counsel for Plaintiffs Thomas and Rita Damiano in the underlying § 1983 action, and they challenge that aspect of the judgment awarding attorney's fees in the amount of 1/3 of the available settlement. Appellants contend that a written retainer agreement between counsel and the Damianos provides instead for payment pursuant to hourly rates, which, according to Appellants, would result in a greater fee award. The Damianos maintain that the district court's fee award was appropriate. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

■ Under 42 U.S.C. § 1988, a district court may determine attorney's fees in a civil rights action where the plaintiff is a "prevailing party." Concluding that the Damianos had prevailed with respect to their false arrest claim, the district court cited § 1988 for its discretionary power to assess attorney's fees. The voluntary settlement negotiated by the parties, however, lacks the judicial imprimatur necessary to render the Damianos "prevailing parties" as that term is understood under § 1988. *See Buckhannon Bd. and Care*

722

*Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (noting attorney's fees may be awarded where there has been a "judicially sanctioned change in the legal relationship of the parties," such as a judgment on the merits or a court-ordered consent decree). The district court nonetheless had authority to determine a reasonable fee, because a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes between litigants and their attorneys when the dispute relates to the main action. *See Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir.1991); *see also Alderman v. Pan Am World Airways*, 169 F.3d 99, 102–03 (2d Cir.1999) ("Courts have broad authority to refuse to enforce contingent fee arrangements that award fees that exceed a reasonable amount.").

■ "The standard of review of an award of attorney's fees is highly deferential to the district court." *Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir.1994). In this case, the district court did not abuse its discretion in concluding that an award of attorney's fees resulting in the provision of only $24,000 of a $100,000 settlement to the plaintiffs would have been unreasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.